UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. NO. 3:22-CR-250 |
| v. | (Judge Mariani) |
| STEVEN WILSON and CHRISTOPHER JASON LUTINSKI | |
| Defendants. | |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
21 U.S.C. § 846
(Conspiracy to Distribute and
Possess with Intent to Distribute Fentanyl)

FILED
SCRANTON
JUL 12 2022
PER ___
DEPUTY CLERK

From in or about January 2021 to on or about May 12, 2022, in Luzerne County, within the Middle District of Pennsylvania, the defendants,

STEVEN WILSON and
CHRISTOPHER JASON LUTINSKI,

did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree together and with other persons both known and unknown to the grand jury, to commit the following offenses against the United States: to knowingly, intentionally, and unlawfully distribute, and possess with intent to distribute fentanyl, a Schedule II controlled

substance in violation of Title 21, Untied States Code, §§ 841(a)(1), (b)(1)(A) and (b)(1)(B).

## QUANTITIES OF SUBSTANCES INVOLVED IN THE CONSPIRACY

The amount of fentanyl involved in the conspiracy that is attributable to the below defendants, each as a result of his own conduct, and the conduct of other co-conspirators reasonably foreseeable to him, is as follows:

**STEVEN WILSON**: 400 grams and more of a mixture and substance containing a detectable amount of fentanyl; and

**CHRISTOPHER JASON LUTINSKI**: 40 grams and more of a mixture and substance containing a detectable amount of fentanyl.

All in violation of Title 21, United States Code, Section 846.

THE GRAND JURY FURTHER CHARGES:

### COUNT 2
21 U.S.C. §§ 841
(Distribution of a Fentanyl, Aid and Abet)

On or about May 10, 2022, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendants,

2

**STEVEN WILSON** and
**CHRISTOPHER JASON LUTINSKI**

aiding and abetting each other, did knowingly and intentionally distribute fentanyl, a Schedule II Controlled Substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
21 U.S.C. §§ 841
(Possession with Intent to Distribute Fentanyl)

On or about May 12, 2022, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendants,

**STEVEN WILSON** and
**CHRISTOPHER JASON LUTINSKI,**

aiding and abetting each other, did knowingly and intentionally possess with intent to distribute fentanyl, a Schedule II Controlled Substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE:

## FORFEITURE ALLEGATION

3

The allegations contained in Counts 1 through 3 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

Pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Section 846, defendants,

**STEVEN WILSON and**
**CHRISTOPHER JASON LUTINSKI**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

                                              A TRUE BILL

GERARD M. KARAM  
United States Attorney

*Jenny P. Roberts*                            July 12, 2022  
JENNY R. ROBERTS                            Date  
Assistant United States Attorney